# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                  **Case No. 18-CR-143**

      **v.**

**WAHEBA ISSA DAIS,**

        **Defendant.**

_____

## PROTECTIVE ORDER

_____

On motion of the government, this Court **ORDERS**, pursuant to Rule 16(d)(1), that the defendant and her counsel are hereby bound to the following restrictions regarding any actual or cover name, identifier, or online account name used by any Confidential Human Source (CHS) or by any Undercover Employee (UCE) and regarding sensitive discovery material provided in this case.

    1.    The defendant and her counsel shall not disclose, publicly or in any pretrial filing or at any pretrial hearing (including any detention hearing), any actual or cover name, identifier, or online account name used by any CHS or UCE. Additionally,

1

the defendant and her counsel shall protect all discovery material designated as Sensitive Information.

2.      **Designation of Material Subject to this Protective Order.** To designate Sensitive Information subject to this Protective Order, the United States shall use the following designation, on the material itself, in an accompanying cover letter, or on a diskette cover or label: "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER."

3.      **Access to and Use of Sensitive Information**. The defendant and her counsel may use the Sensitive Information only for purposes of this litigation and may not disclose any such Sensitive Information to anyone not specifically entitled to access to it under this Protective Order. Defense counsel may disclose Sensitive Information to the defendant but may not provide the defendant with any documents containing Sensitive Information, or allow the defendant unsupervised access to these materials. Defense counsel and individuals participating in the case at the direction of counsel may only use Sensitive Information for the purposes of defending this criminal case, including any appeal, and may disclose Sensitive Information to non-parties to this litigation, such as experts or outside investigators retained by the defendants in this litigation, as follows:

a.      Such disclosure may occur only as needed for the litigation;

2

b.	Such disclosures may occur only after defense counsel advises the non-party of the terms of this Protective Order;

c.	Prior to the disclosure of any Sensitive Discovery Materials to a person not identified in Paragraph 5.b. of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested <u>ex</u> <u>parte</u>.

d.	Such disclosure may occur only after the signing of an Acknowledgement by all non-parties, which states, in substance, that all non-parties will agree to be bound by the terms of this Protective Order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Order;

e.	Defense counsel shall maintain a list of persons to whom materials are disclosed and retain a copy of the form described in Paragraph 3.d., which shall be signed by all non-parties receiving Sensitive Information; and

f.	Designation of Material Subject to this Protective Order: Material given to non-parties must be designated "sensitive" material in an accompanying cover letter, and the material itself must be labeled (*e.g.,* on

3

the CD/DVD): "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER."

g.    In addition, the defendant is prohibited from unsupervised review of any Sensitive Discovery Materials.

4.    **Use of Sensitive Information in Court Filings and Open Court.** Nothing in this Order shall restrict use by the defendant's counsel of Sensitive Discovery Materials or information contained therein during the defendant's investigation of the allegations and preparation of her defense or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

4

5. **Protection of CHS and UCE Identifiers.** If any information about the actual or cover name, identifier, or online account name of any CHS or UCE is included in any discovery materials, the following protections will apply:

a. The defendant and her counsel shall not publicly disclose the actual or cover name, identifier, or online account name of any CHS or UCE in any pretrial filing or at any pretrial hearing in open court.

b. The defendant and her counsel shall not disseminate any information about a CHS or UCE except to (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (b) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court ex parte and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of the counsel of record or co-counsel.

c. All audio recordings and documents in which a CHS or UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any CHS or UCE may be copied or reproduced ONLY following notice to, and

5

coordination with, the prosecution, and ONLY for use by members of the defense team (as defined in paragraph 5.b.), and may only be provided to further the legitimate investigation and preparation of this case.

d. All audio recordings and documents—including any copies or reproductions thereof -- in which a CHS or UCE can be seen, heard or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any CHS or UCE must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team (as defined in paragraph 5.b.)

6. **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7. **Maintenance and Storage of Sensitive Information.** Defense counsel shall maintain all Sensitive Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and dissemination of such information as are exercised by the recipient with respect to his own confidential information. In addition, non-party recipients of any Sensitive Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Sensitive Information.

6

8.    **Disposition of Sensitive Information.** Within 90 days of any final judgment in this case by the later of: i) the sentencing of the defendant, ii) the defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, the defendant and her counsel shall return to the United State all documents designated sensitive—except audio recordings in which a CHS or UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any CHS or UCE—and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. All audio recordings in which a CHS or UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier or online account name of any CHS or UCE, and any copies thereof, shall be returned to the United States. Defense counsel reserves the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, defense counsel may maintain work product containing Sensitive Information subject to the protections of this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

9.    **No Waiver.** The failure to designate any materials as Sensitive Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

7

10. **No Ruling on Discoverability or Admissibility.** This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. **Unauthorized Disclosure.** Should any Sensitive Information be disclosed in a manner not authorized by this Protective Order by the defendant, defense counsel, or a non-party retained by the defendant for purposes of the litigation, then defense counsel shall use his or her best efforts to obtain the return of any such Sensitive Information and to bind the recipient of Sensitive Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the recipient.

12. **Sanctions for Unauthorized Disclosure.** Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that are just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing notice to the other party at least three business days in advance.

13. **Modification Permitted**. Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

14. **Property of the United States**. All sensitive discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States.

15. **Non-termination**. This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 26th day of September, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

9