# United States District Court
## EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

HON. **William E. Duffin,** presiding.

DATE: **February 20, 2019 at 2:30 P.M.**

CASE NO. **18-CR-143**

UNITED STATES v. **Waheba Issa Dais**

PROCEEDING: **Scheduling Conference (Counsel Only)**

Deputy Clerk: Mary Murawski

Court Reporter: Liberty

Time Called: 2:29:47

Time Concluded: 2:42:24

UNITED STATES by: **Rebecca Taibleson, Jennifer Burke**

DEFENDANT: **Waheba Issa Dais,** in person, and by

ATTORNEY: **John Campion**

---

COURT recaps the December 19th hearing.

TAIBLESON:
- Govt does continue to investigate and analyze this case, but substantially all discovery has been turned over in terms of volume. Substantively, the key materials supporting the allegations in the complaint were produced after she was originally arrested in July, 2018 and then another round produced in December, 2018.
- The entire body of discovery is quite voluminous, much of it in Arabic.
- Govt met with Mr. Campion in an effort to give him a sense of what is in the discovery.
- Govt presented 30-40 excerpts from the discovery, some of the key evidence and provided verbal translations in order to facilitate resolution of this case and also to enable Mr. Campion to understand materials in Arabic.
- On 11/9/2018 govt sent a plea agreement to Mr. Dais through her attorney. That plea agreement contemplated a guilty plea to one count of the indictment for attempted material support to ISIS with the govt prepared to dismiss the other govt. Govt agreed on guideline calculations, but left the deft free to argue that at sentencing.
- If no plea agreement, govt is prepared to present to the grand jury a superseding indictment with additional charge related to her hacking activity.
- Govt is waiting for a response to plea offer before superseding. Was hoping to have a response from counsel before this hearing.
- The grand jury originally presented with the indictment is set to expire on 3/26/2019.
- Had conversation with defense and they have agreed to hold off until last day of grand jury before superseding in order to give defense as much time as possible to review all evidence in the case.
- Seems to make sense to wait to start the CIPA process until they are sure a) this case is going forward towards a trial and b) know exactly what charges Ms. Dais will be facing, because

there is some analysis in the CIPA process that could be affected by the nature of the specific charges.
- Govt's understanding is that defense is not going to object to a further speedy trial finding.

CAMPION:  Agree with govt's summary.   Have not gone through nearly all of it with his client who is fluent in Arabic.  Should be able to discuss motions deadline at next hearing.

BURKE: If not resolved by plea, various materials that have come to their attention that is in a higher classification level, higher than secret.

TAIBLESON:  Would like the court to know that they have been putting substantial amount of work to prepare for the CIPA process and govt's plan for now, will be to put the pencil down for a month and so at the next hearing when deadlines are being set for the CIPA motion, there may be more delays.

BURKE:  Classified discovery has been completed, but next process would be to file a brief which requires signatures by her boss and the assistant director of the FBI, as well as another representative of another agency.  Could take 45-60 days for that process.

**<u>Scheduling Conference (COUNSEL ONLY) set for March 22, 2019 at 9:30 A.M.</u>**

COURT makes a speedy trial finding under 18:3161(h)(7)(B)(ii), court finds that a continuance of the Speedy Trial Act deadline is appropriate because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial.  Specifically, the court finds given the complexity of this case, the nature of the prosecution and the case taken as a whole that the failure to grant a continuance would unreasonably deny the defendant reasonable time necessary for effective preparation. **Therefore, the time from today's date until March 22, 2019, is excluded under the Speedy Trial Act.**